UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RODERICK C. DEMMINGS,

              Plaintiff,

   v.

CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.,

             Defendant.

C14-1017 TSZ

ORDER AND JUDGMENT

THIS MATTER comes before the Court on plaintiff's unopposed motions for final approval of class action settlement, docket no. 55, and for attorney's fees, costs, and class representative incentive award, docket no. 45. Having reviewed all papers filed in connection with such motions,[1] and having conducted a final settlement approval hearing on June 2, 2017, at which no class member, and no attorney other than appointed Class Counsel and counsel for defendant, appeared to object to or comment on the proposed class action settlement, *see* Minutes (docket no. 56), the Court enters the following Order and Judgment.

---

[1] At the Court's direction, counsel for defendant filed supplemental declarations indicating that notices pursuant to 28 U.S.C. § 1715 were served on May 11, 2017, *see* Van Wieren Decl. at ¶ 2, Ex. A to Fritts Decl. (docket no. 57-1), and that no timely objection has been received from any attorney general's office, *see* Ray Decl. at ¶ 6 (docket no. 60).

ORDER AND JUDGMENT - 1

On September 7, 2016, the Court certified for settlement purposes a class and two subclasses, appointed plaintiff Roderick C. Demmings as the Class Representative, and appointed Matthew A. Dooley and Anthony R. Pecora of O'Toole, McLaughlin, Dooley & Pecora Co., LPA and Justin M. Baxter of Baxter & Baxter, LLP as Class Counsel. Order (docket no. 40). On November 15, 2016, the Court approved a form of notice, subject to a number of specific changes, to be sent via U.S. mail to all class members. *See* Minute Order (docket no. 42). Notices were mailed on February 10, 2017, by the Settlement Administrator, Tilghman Co. Tilghman Decl. at ¶ 8 (docket no. 55-1). Of the 4,519 notices sent, 505 were returned as undeliverable. *Id.* at ¶ 9. Ten of the returned notices were re-mailed, resulting in a notice distribution rate of just over 89%. *See id.* Other than using the address correction service of the United States Postal Service, no effort was made to locate the 495 class members whose notices were returned. *See id.* at ¶¶ 8-9.[2] Since February 10, 2017, the Settlement Administrator has maintained a website for this matter (www.CHClassAction.com), as well as a toll-free telephone number connected to an automated recording containing general information about the proposed settlement. *Id.* at ¶¶ 10-11. No objection to the proposed class action settlement was timely made, but eighteen (18) opt-out notices were received. *Id.* at ¶¶ 12-13.

Three (3) individuals have requested exclusion from the Class and Subclass I: Michael Anthony Hawley, Bryon Francis Kerker, and Jason Lee. *See id.* at Ex. C.

---

[2] Because more than seven percent (7%) of the class notices were not delivered, Class Counsel could have sought an additional notice process. Stip. of Settlement at ¶ 4.3 (docket no. 38). Class Counsel did not, however, do so.

ORDER AND JUDGMENT - 2

Fifteen (15) individuals have requested exclusion from the Class and Subclass II: Erik Alexander Box, Timothy Sherman Branch, Leonardo Arreguin Camarillo, Andrew Farley, Darius Marquise Haynes, Kenneth Wayne Johnson, Patricia Ann Landry, Jeffery Leyk, Jerry Lisiecki, Casey Jon McGinnis, Mark Edward Mounts, Stacey Shay Ramsey, James Brendan Reilly, David Streeter, and Ryan Michael Wilson. *See* <u>id.</u> Accordingly, this Order and Judgment shall not bind or affect any of the above-named eighteen (18) individuals.

In light of the foregoing information, the Court ORDERS as follows:

1. Plaintiff's unopposed motion for final approval of class action settlement, docket no. 55, is GRANTED. The Court is satisfied that class members received the "best notice that is practicable under the circumstances." *See* Fed. R. Civ. P. 23(c)(2)(B). With respect to the 495 class members for whom current contact information is unavailable, the Court is persuaded that such individuals' rights can be adequately protected by the procedures set forth in this Order and Judgment. The Court therefore APPROVES the Stipulation of Settlement, docket no. 38, as being, in all respects, fair, reasonable, adequate, and in the best interests of the Class and both Subclasses, and the result of non-collusive, arm's-length negotiations.

2. On or before the Effective Date,[3] defendant Clean Harbors Environmental Services, Inc. shall pay $644,500 into a Settlement Fund accessible to the Settlement

---

[3] "Effective Date" is defined in the Stipulation of Settlement to mean "the first day following the last of the following occurrences: (i) issuance of the Court's final approval order; (ii) if an objection has been made to final approval of settlement, the date on which the objector's time to appeal the Final Approval

ORDER AND JUDGMENT - 3

Administrator, who shall mail a check in the applicable amount, within ten (10) days after the Effective Date, to each class member who has not opted out of the Settlement and for whom contact information is available. For members of Subclass I, such check shall be in the amount of $295 <u>minus</u> the pro rata share of attorney's fees and costs, incentive award, and settlement administration costs (estimated to be $112.01). For members of Subclass II, such check shall be in the amount of $40 <u>minus</u> the pro rata share of attorney's fees and costs, incentive award, and settlement administration costs (estimated to be $15.19).

      3.      Plaintiff's unopposed motion for attorney's fees, costs, and class representative incentive award, docket no. 45, is GRANTED. Class Representative Roderick C. Demmings is AWARDED $10,000 as an incentive fee, which is a fair and reasonable amount to compensate him for the time, effort, and risk he undertook in service to the Class and Subclasses. Class Counsel are AWARDED attorney's fees and costs in the amount of $214,833.33, which represents one-third (1/3) of the Settlement Fund, and is a fair and reasonable amount in light of the work that Class Counsel performed, the results achieved in this litigation, and the purposes of the Fair Credit Reporting Act, pursuant to which this action was brought. The Settlement Administrator

---

Order has expired with no appeal having been taken or sought; or (iii) if any appeal of the Final Approval Order has been timely filed, the date that the Final Approval Order is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review or the date the appeal(s) or other judicial review are finally dismissed with no possibility of subsequent appeal or other judicial review." Stip. of Settlement at ¶ 1.11 (docket no. 38).

ORDER AND JUDGMENT - 4

shall disburse the amounts described in this paragraph to the Class Representative and Class Counsel, respectively, within ten (10) days after the Effective Date.

    4.    The Settlement Administrator is authorized to draw from the Settlement Fund up to $19,900 in reimbursement for its actual expenses. All such expenses shall be documented in the written accounting that the Settlement Administrator furnishes to Class Counsel and counsel for defendant pursuant to Paragraph 4.4 of the Stipulation of Settlement. If the Settlement Administrator's expenses exceed $19,900, the Settlement Administrator may seek reimbursement for any excess amounts via motion filed on its behalf by Class Counsel or counsel for defendant or via stipulated motion of the parties.

    5.    For one (1) year after the Effective Date, the Settlement Administrator shall maintain the remaining balance of the Settlement Fund, which shall include the amounts owed to the 495 class members for whom current contact information is unavailable and the total sum of any checks issued pursuant to Paragraphs 2 and 3 that are returned as undeliverable or that are not timely cashed (*i.e.*, not endorsed within ninety (90) days after issuance). In addition, notwithstanding any contrary provision in the Stipulation of Settlement, for one (1) year after the Effective Date, the Settlement Administrator shall maintain the dedicated website for this matter (www.CHClassAction.com), on which it shall post a list of the 495 class members for whom current contact information is unavailable, and on which it shall indicate how an individual entitled to a share of the Settlement Fund who has not already received and cashed a check in the applicable amount may seek payment. The Settlement Administrator may use its discretion in establishing a reasonable method for such persons to claim their settlement award.

ORDER AND JUDGMENT - 5

During this one-year period, defendant shall include on its web pages or social media sites a link to, and brief explanation about, the dedicated website for this matter. After the expiration of this one-year period, any remaining balance of the Settlement Fund shall be distributed to the National Consumer Law Center as a *cy pres* beneficiary, in accordance with the terms of the Stipulation of Settlement.

6. The claims of each member of the Class that were or could have been asserted in this action are hereby DISMISSED with prejudice, except that:

    a. Erik Alexander Box, Timothy Sherman Branch, Leonardo Arreguin Camarillo, Andrew Farley, Michael Anthony Hawley, Darius Marquise Haynes, Kenneth Wayne Johnson, Bryon Francis Kerker, Patricia Ann Landry, Jason Lee, Jeffery Leyk, Jerry Lisiecki, Casey Jon McGinnis, Mark Edward Mounts, Stacey Shay Ramsey, James Brendan Reilly, David Streeter, and Ryan Michael Wilson, who have opted out of the Class, are not bound by this dismissal; and

    b. Any individual who did not receive notice of the settlement and who does not receive a settlement award within the one-year period following the Effective Date will not be bound by this dismissal.

7. Judgment is hereby ENTERED for purposes of Federal Rules of Civil Procedure 58 and 79, and the time period for filing any notice of appeal shall commence on the date of entry of this Order and Judgment. Without affecting the finality of this Order and Judgment, the Court retains continuing and exclusive jurisdiction over the interpretation, consummation, and enforcement of the Stipulation of Settlement, the distribution of payments required therein, and the disposition of the Settlement Fund.

8. The Clerk is DIRECTED to send a copy of this Order and Judgment to all counsel of record and to CLOSE this case.

IT IS SO ORDERED.

Dated this 7th day of September, 2017.

/s/ Thomas S. Zilly
Thomas S. Zilly
United States District Judge

ORDER AND JUDGMENT - 7